UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**PHILLIP COOK,**

    Plaintiff,

-vs-

**EQUIFAX INFORMATION SERVICES LLC,** a foreign limited liability company.

    Defendant.
_____/

Case No.: 1:16-cv-
Honorable:

**Haddad Law Firm, PLC**
By: Issa G. Haddad (P71699)
Attorney for Plaintiffs
30600 Telegraph Suite 4280
Bingham Farms, Michigan 48205
248-633-8500 fax 248-633-8484
issa@haddlaw.com
_____/

## VERIFIED COMPLAINT AND JURY DEMAND

### Introduction

1. This is a civil action brought under the Fair Credit Reporting Act ("\FCRA"), 15 USC S 1681 et. Seq. The Court has jurisdiction pursuant to 15 USC S 1681p.

### Parties

2. Plaintiff, PHILLIP COOK is a natural person residing in the State of Ohio, as defined by the FCRA, 15 USC §1681a(c).

3. Plaintiff, PHILLIP COOK is a consumer as defined by the Fair Credit Reporting Act, 15 USC § 1681, et seq "FCRA" at §1681a (c).

4. Defendant, Equifax Information Services LLC ("Equifax") is a credit reporting agency as contemplated by the Fair Credit Reporting Ace, 15 USC § 1681 et seq.

1

### Jurisdiction and Venue

5. This lawsuit is being brought pursuant to 15 USC § 1681 et seq. 15 USC § 1692 et seq, presents a federal question and such jurisdiction under 28 USC § 1331 and 15 USC § 1681 et seq. This court may also exercise supplemental jurisdiction over the related state law claims arising out the same nucleus of operative facts which give rise to any federal law claims under 28 USC § 1367.

6. All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to Plaintiff.

### General Factual Allegations

7. On June 9, 2016, Plaintiff's FICO Score was 733. **(See Exhibit 1, EQUIFAX Score 733 dated June 9, 2016).**

8. On June 10, 2016 Plaintiff's FICO Score was reduced to 633 **(See Exhibit 2, EQUIFAX Score 623 dated June 10, 2016).**

9. On or about October 8, 2015 Transunion, Experian and Equifax reported negative medical collection for $504.95 from Phoenix Financial Services acct no. 385xxxx causing a substantial drop in Plaintiff's FICO score.

10. Plaintiff disputed this improper medical collection with the credit reporting agencies and verified with Supervisor Pat McGee of Phoenix Financial Services and bureau that this medical collection did not belong to Plaintiff and thus needed to be removed.

11. The date of birth associated with this medical collection was not Plaintiff's date of birth and was subsequently deleted from Plaintiff credit report.

2

12. In December of 2015, Equifax re-reported the same medical collection through Commonwealth Financial Services acct. No. 701978849 but reflecting same original number as well and same amount of $504.95.

13. In December of 2015, Transunion and Experian did not re-report this collection debt on Plaintiff's credit report.

14. This negatively affected Plaintiff's Equifax credit score.

15. On February 12, 2016 Equifax reported the same medical collection, this time sold to Northeast Credit Collections showed on Equifax only and "Katie" of Equifax opened dispute no. 604-703-7993 and mixed dept followed up which after FICO score dropped again.

16. Plaintiff re-disputed this collection again with Equifax date February 17, 2016 and Equifax deleted from Plaintiff credit reporting. **(See Exhibit 3, Dispute Letter dated February 17, 2016).**

17. This improper medical collection was finally deleted and Plaintiff's score was reinstated.

18. On June 9, 2016 Equifax report no. 6661648095 showed a FICO score of 733 with "zero potentially negative information" as well as all trade lines showing as follows:

 a. Prosper Market Place opened 4/7/15 acct. 30xxxx $20,000.00 installment loan paid on time;

 b. State Farm Auto loan opened 2/1/14 acct. 85408707170xxxx $17,035.00 paid on time;

 c. State Farm Auto loan opened 10/1/13 acct. 85402732630xxxx $14,830.00 paid on time;

d. Delta Community Credit Union auto loan opened 4/17/14 acct. 116050940xxxx $18,025 paid in full;

e. Springleaf installment loan opened 11/1/14 acct. 1114159603918xxxx $3,191.00 paid in full;

f. Barclay Bank Delaware revolving credit card opened 3/1/14 acct. 20280624xxxx limit of $6,750.00 pays as agreed;

g. Discover Credit card opened 2/11/14 acct. 601120896174xxxx limit of $15,000.00 pays as agreed;

h. Union Bank opened credit card 9/1/13 acct. 58823034xxxx limit of $3,000.00 pays as agreed;

i. Macys card opened 4:5/14 acct. 47997177xxxx limit of $1,000.00 pays as agreed;

j. Wells Fargo auto loan opened 2/4/14 acct. 446542029303xxx, limit of $1,300.00 pays as agreed;

k. Chase Credit card opened 2/1/14 acct. 438854004368xxx limit of $14,000 limit pays as agreed;

l. Chase Credit card opened 3/11/14, acct. 546604202287xxx limit of $12,000.00 limit pays as agreed;

m. Pentagon Bankcard credit card opened 2/3/14 acct 43067910012xxxx limit of $15,000.00 limit, pays as agreed;

**(See Exhibit 1, EQUIFAX Score 733 dated June 9, 2016).**

19. On June 10, 2016 Equifax report no. 6662678338 showed fico of 623 with "three potentially negative information," the majority of the trade lines above referenced deleted

4

erroneously and the following accounts previously deleted over two (2) years ago now reinstated on the Equifax report.

20. The June 10, 2016 Equifax report included Capital One acct. 517805971890xxx opened 7/27/11 showing charge off in the amount of $7,044.00, which was previously deleted and documents sent into Equifax showing previously deletion yet still reflects on 6/10/2016 Equifax report. **(See Exhibit 2, EQUIFAX Score 623 dated June 10, 2016).**

21. The June 10, 2016 Equifax report included Navy Federal credit union acct. 1406095536500xxx opened 9/21/12 showing charge off in the amount of $2,247.00, which was previously deleted and documents sent to Equifax showing previously deletion yet still reflects on 6/10/2016 Equifax report. **(See Exhibit 2, EQUIFAX Score 623 dated June 10, 2016).**

22. The June 10, 2016 Equifax report included Navy Federal credit union acct. 1406095528371xxx opened 10/13/12 showing charge off in the amount of $5,471.00 which was previously deleted and documents sent to Equifax showing previously deletion yet still reflects on 6/10/2016 Equifax report. **(See Exhibit 2, EQUIFAX Score 623 dated June 10, 2016).**

23. The three previously deleted accounts were previously deleted with police report showing fraudulent accounts regarding ID theft and Equifax reinserted previously deleted data without proper notice as required under the FCRA as well as failure to accept industry standards for removing improper credit information.

24. Also the June 10, 2016 Equifax report failed to report open accounts and or paid in full accounts in good standing with regards to:

    a.    State Farm Auto loan opened 2/1/14 acct. 85408707170xxxx $17,035.00 paid on time;

b. State Farm Auto loan opened 10/1/13 acct. 85402732630xxxx $14,830.00 paid on time;

c. Delta Community Credit Union auto loan opened 4/17/14 acct. 116050940xxxx $18,025 paid in full;

d. Springleaf installment loan opened 11/1/14 acct. 1114159603918xxxx $3,191.00 paid in full;

e. Discover Credit card opened 2/11/14 acct. 601120896174xxxx limit of $15,000.00 pays as agreed;

f. Wells Fargo auto loan opened 2/4/14 acct. 446542029303xxx, limit of $1,300.00 pays as agreed;

g. Chase Credit card opened 3/11/14, acct. 546604202287xxx limit of $12,000.00 limit pays as agreed;

h. Pentagon Bankcard credit card opened 2/3/14 acct 43067910012xxxx limit of $15,000.00 limit, pays as agreed;

25. On June 13, 2016 Plaintiff sent in a letter along with copies of credit reports and supporting documents referenced above showing:

a. The June 9, 2016 report with 733 score and June 10, 2016 report with 623 score;

b. Documentation showing previous deletion of (3) charge off accounts and police reports.

c. Documentation to show the positive deleted trade lines above referenced which should not have been deleted.

**(See Exhibit 4, Letter to Equifax dated June 13, 2016).**

26. Equifax received this information and supposedly investigated the errors on Plaintiff's Credit Report.

27. Equifax responded with its letter dated July 5, 2016. **(See Exhibit 5, Equifax Letter dated July 5, 2016).**

28. Instead if reporting the positive trade lines on Plaintiff credit records, Equifax sent dispute letters to the positive trade line accounts as if Plaintiff was disputing their accuracy which was completely antithetical to what Plaintiff's letter stated and requested.

29. Equifax continued to further diminish Plaintiff's score and accounts by failing to report positive trade lines as they did as of June 9, 2016 but not after being notified they were missing.

30. Springleaf Financial contacted Plaintiff on June 30, 2016 through representative Jamie at (812) 492-2686 expressing that Equifax contacted them with a dispute of positive account information and a copy of the letter Plaintiff wrote requesting that the positive trade lines be re-instated by Equifax.

31. On or about June 30, 2016, Springleaf Financial reported positive credit history of Plaintiff to Equifax. Equifax failed to report or include this positive credit on Plaintiff's credit report.

32. Plaintiff clearly requested that Equifax reinstate the positive trade lines and not dispute these accounts, however Equifax disputed the (3) charge offs that were reinstated erroneously. Springleaf Financial representative Jamie, suggested to Plaintiff that Equifax needs to be held accountable.

33. Since Equifax improper actions and reporting as of June 10, 2016, Plaintiff's credit score has been affected and Plaintiff's damages include that Plaintiff was in the middle of

financing for business loans with Channel Partners Capital (763) 746-7760; Forward Funding 1-888-331-3844 and Quick Bridge Funding 1-888-233-9085, these loans were denied for one reason that Equifax score was too low although Experian was reporting a 731 and Transunion reporting a 754 as of October 12, 2016.

34. Plaintiff was further injured as Barclay Bankcard limit of $9,750.00 was lowered to $2,200.00 limit and then lowered to $500.00 due to Equifax improper reporting and low score. **(See Exhibit 6, Barclay Statements October, November & December 2016).**

35. Chase Card limit of $14,000.00 and Chase Card limit of $12,000.00 both were closed due to Equifax submitting false information that Plaintiff was disputing the cards in his June 13, 2016 letter instead of properly reinserting the positive activity that they reflected. **(See Exhibit 7 Letter closing Chase accounts).**

36. Payments coming from Chase business accounts for cards that were erroneously disputed, caused Chase bank account to be closed. Loans were denied which were average of $50,000.00 each.

37. American Express limit of $15,400.00 was reduced to $13,300.00 due to Equifax improper credit reporting. **(See Exhibit 8a & 8b, American Express Statements).**

38. Around the same time, Plaintiff wrote Equifax again disputing that missing positive trade lines, Plaintiff's letter included documentation that the positive trade lines were open in good standing, as well as in full force and effect. Plaintiff's dispute requested that the bureaus reinvestigate and correct the information as envisioned by 15 U.S.C. §1681i. **(See Exhibit 9, Dispute Letter dated September 20, 2016)**

39. Plaintiff's disputes included sufficient information and documentation to provide actual notice that the credit information was inaccurate and the source of the information was not reliable.

40. Plaintiff contacted Discover and requested that they provide information to Equifax that his trade lines with Discover were open, in good standing and full force and effect.

41. Upon information and belief, Discovery provided information to Equifax that his Discover accounts were open in and in good standing.

42. Plaintiff contacted Chase and requested that they provide information to Equifax that his trade lines with Chase were open, in good standing and in full force and effect.

43. Upon information and belief, Chase provided information to Equifax that his Chase accounts were open in and in good standing.

44. Plaintiff contacted Wells Fargo and requested that they provide information to Equifax that his trade lines with Wells Fargo were open, in good standing and in full force and effect.

45. Upon information and belief, Wells Fargo provided information to Equifax that his Wells Fargo accounts were open in and in good standing

46. Transunion and Experian were properly reporting information from Chase, Discover and Wells Fargo. **(See Exhibit 10 Experian Credit Reports dated December 17, 2016).**

47. Equifax actions were improper since June 10, 2016 to the present date.

48. At the time Equifax removed the positive trade lines, they had sufficient information from Plaintiff to know that the positive trade lines should not have been removed.

49. At the time Equifax reported the information, it had sufficient information in Plaintiff's consumer file to know that Capital One and the two Navy Federal information was not to be reflected negatively on Plaintiff's credit report after it was properly removed by Equifax in the past.

50. Equifax violated the re-reporting process and injured Plaintiff by Equifax's actions or re-reporting after previously concluding information was incorrect did not belong to Plaintiff.

51. Equifax has a duty to reinvestigate and correct the information as envisioned by 15 USC § 1681(i).

52. Plaintiff's dispute with regards to the negative issues, included and provided sufficient information and documentation to provide actual notice that the credit information was inaccurate and the source of the information was not reliable.

53. Equifax would not remove the negative information from Plaintiff's credit file despite previously deleting the same information on prior occasions.

54. Equifax has failed to conduct reasonable reinvestigations of Plaintiff's consumer disputes.

55. Equifax has reinserted previously deleted information on Plaintiff's credit report in violation of FCRA.

56. Equifax must provide written notification to Plaintiff when a previously deleted item is being replaced on your credit report.

57. Equifax never provided written notification to Plaintiff that Equifax was going to re-report negative information which was previously deleted.

58. Equifax has improperly reinserted disputed credit information into Plaintiff's consumer file.

59. To this date, Equifax has failed to report the following positive trade lines in Plaintiff's credit file and reporting:

    a. State Farm Auto loan opened 2/1/14 acct. 85408707170xxxx $17,035.00 paid on time;

    b. State Farm Auto loan opened 10/1/13 acct. 85402732630xxxx $14,830.00 paid on time;

    c. Delta Community Credit Union auto loan opened 4/17/14 acct. 116050940xxxx $18,025 paid in full;

    d. Springleaf installment loan opened 11/1/14 acct. 1114159603918xxxx $3,191.00 paid in full;

    e. Discover Credit card opened 2/11/14 acct. 601120896174xxxx limit of $15,000.00 pays as agreed;

    f. Wells Fargo auto loan opened 2/4/14 acct. 446542029303xxx, limit of $1,300.00 pays as agreed;

    g. Chase Credit card opened 3/11/14, acct. 546604202287xxx limit of $12,000.00 limit pays as agreed;

    h. Pentagon Bankcard credit card opened 2/3/14 acct 43067910012xxxx limit of $15,000.00 limit, pays as agreed;

60. To this date, Equifax has failed to remove the negative information as to Plaintiff's credit report:

a. The Capital One acct. 517805971890xxx opened 7/27/11 showing charge off in the amount of $7,044.00, which was previously deleted and documents sent into Equifax showing previously deletion yet still reflects on 6/10/2016 Equifax report. **(See Exhibit 10 Experian Credit Reports dated December 17, 2016).**

b. The Navy Federal credit union acct. 1406095536500xxx opened 9/21/12 showing charge off in the amount of $2,247.00, which was previously deleted and documents sent to Equifax showing previously deletion yet still reflects on 6/10/2016 Equifax report. **(See Exhibit 10 Experian Credit Reports dated December 17, 2016).**

c. The Navy Federal credit union acct. 1406095528371xxx opened 10/13/12 showing charge off in the amount of $5,471.00 which was previously deleted and documents sent to Equifax showing previously deletion yet still reflects on 6/10/2016 Equifax report. **(See Exhibit 10 Experian Credit Reports dated December 17, 2016).**

61. As of the date of this complaint, Plaintiff Equifax Score has been reduced to 599. **(See Exhibit 10 Experian Credit Reports dated December 17, 2016).**

62. Due to the failure of Equifax to report properly, Plaintiff has been damaged by having his Chase Accounts Closed. **(See Exhibit 7, Chase Closure letter).**

63. Due to the failure of Equifax to report properly, Plaintiff has been damaged by having his American Express limit reduced. **(See Exhibit 8a & 8b American Express statements).**

64. Due to the failure of Equifax to report property, Plaintiff has been damaged by having Barclay accounts reduced from $9,750.00 to $500.00. **(See Exhibit 6 Barclay Statements).**

65. Equifax has negligently violated the FCRA, 15 U.S.C. § 1681i and § 1681o; alternatively Equifax has willfully violated the FCRA, 15 U.S.C. § 1681i and § 1681n.

66. The appearance of the incorrect trade lines was the direct and proximate result of Equifax's failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the FCRA, 15 U.S.C. §1681 e (b).

## COUNT I,

## FCRA 15 USC § 1681 n

67. Plaintiff realleges and incorporates herein the above Paragraphs as if fully set forth herein.

68. Equifax willfully failed to comply with the requirements imposed under the FCRA, 15 USC § 1681 et seq, including but not limited to:

    a) Failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 USC § 1681 e(b) and §1681o; §1681n

    b) Failing to comply with the reinvestigation requirements in 15 USC §1681i;

    c) Providing Plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain Plaintiff's credit file pursuant to 15 USC § 1681b; and

    d) Failing to provide Plaintiff his credit file pursuant to 15 USC § 1681g.

69. As a result of Equifax's violations of the FCRA, Plaintiff, Mr. Cook continues to suffer, and will suffer future damages, including denial of credit, lost opportunities to receive

credit, damage to reputation, worry, distress, frustration, embarrassment and humiliation, all to his damages, in an amount to be determined by the jury.

70. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

71. Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

## COUNT II

### FCRA 15 USC § 1681 o

72. Plaintiff realleges and incorporates herein the above Paragraphs as if fully set forth herein.

73. Equifax negligently failed to comply with the requirements imposed under the FCRA, 15 USC 1681 et seq, including but not limited to:

   a) Failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 USC § 1681 e(b) and §1681o; §1681n

   b) Failing to comply with the reinvestigation requirements in 15 USC §1681i;

   c) Providing Plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain Plaintiff's credit file pursuant to 15 USC § 1681b; and

   d) Failing to provide Plaintiff her credit file pursuant to 15 USC § 1681g.

74. As a result of Equifax's violations of the FCRA, Plaintiff, Mr. Cook continues to suffer, and will suffer future damages, including denial of credit, lost opportunities to receive

credit, damage to reputation, worry, distress, frustration, embarrassment and humiliation, all to his damages, in an amount to be determined by the jury.

75. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

76. Plaintiff is entitled to his attorney fees, pursuant to 15 USC § 1681o(a).

WHEREFORE, Plaintiff request that the Court enter Judgment in favor of Plaintiff and against Equifax:

A. Actual damages in an amount to be determined by the jury;

B. Statutory and punitive damages that may be proved by Plaintiff at trial;

C. Attorney fees and costs pursuant to 15 USC § 1681n; and

D. Any other relief the Court demes just and proper.

Respectfully submitted,
**HADDAD LAW FIRM, PLC**

Dated: December 27, 2016

/s/ *Issa G. Haddad*
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Suite 4280
Bingham Farms, Michigan 48205
248-633-8500 fax 248-633-8484
issa@haddlaw.com

## VERIFICATION OF COMPLAINT

I state subject to the penalties prescribed for commission of the crime of perjury that the foregoing is true to the best of my information, knowledge, and belief.

Date: December 27, 2016

Phillip Cook

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of the within cause of action.

                                                Respectfully submitted,
                                                **HADDAD LAW FIRM, PLC**

Dated: December 27, 2016          */s/ Issa G. Haddad*
                                                By: Issa G. Haddad (P71699)
                                                Attorney for Plaintiff
                                                30600 Telegraph Suite 4280
                                                Bingham Farms, Michigan 48205
                                                248-633-8500 fax 248-633-8484
                                                issa@haddlaw.com