UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP COOK,

       Plaintiff,

v.                              Case No. 16-14508
                                   Honorable Victoria A. Roberts

EQUIFAX INFORMATION
SERVICES LLC,

       Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE [Doc. 13]
AND TRANSFERRING THIS CASE TO THE NORTHERN DISTRICT OF GEORGIA**

## I.   INTRODUCTION and BACKGROUND

Plaintiff Phillip Cook ("Cook") alleges that Equifax Information Services LLC

("Equifax") violated 15 U.S.C. § 1681 *et seq.* by: (1) misrepresenting a disputed medical

collection; (2) reporting three previously deleted charge-offs that were a result of

fraudulent activity and identity theft; and (3) failing to report positive trade lines.  While

Equifax was misreporting Cook's FICO score, other credit reporting agencies were

properly reporting his credit standing.  Cook further alleges that at the time Equifax

removed positive trade lines, it had sufficient information to know the trade lines should

not have been removed, and that it should have notified him in writing of any re-

reporting of prior disputed reports.

Equifax filed this Motion to Transfer Venue to the United States District Court for

the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1404(a).

In his Complaint, Cook states that he is a resident of Ohio.  However, in

response to Equifax's motion, Cook says he is a resident of Michigan, Georgia and

Ohio. Equifax is a credit reporting agency headquartered in Georgia. For the reasons set forth below, Equifax's Motion is **GRANTED**.

## II.   LEGAL STANDARD

This Motion to Transfer Venue is evaluated under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The Court may transfer an action under § 1404(a) where: (1) the action could have been brought in the proposed transferee district; (2) the transfer would promote the interests of justice; and (3) the transfer would serve the convenience of the parties and witnesses. *United States v. P.J. Dick Inc.*, 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000). "Courts have broad discretion to grant or deny a motion for transfer of venue under 1404(a)." *IFL Grp. Inc. v. World Wide Flight Serv., Inc.*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004)

In assessing the "interest of justice" and "convenience of the parties and witnesses," the Court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties, (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* In sum, courts will consider "any factor that may make a trial easy, expeditious, and inexpensive." *Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp. 2d 834, 836 (E.D. Mich. 2001) (citations and internal quotation marks omitted).

## III.  DISCUSSION

### A.  Propriety of Venue in the United States District Court for the Northern District of Georgia, Atlanta Division

Equifax asserts that the action could have initially been brought in the United States District Court for the Northern District of Georgia, Atlanta Division.

Whether an action could have been brought in the proposed transferee district is governed by 28 U.S.C. § 1391, which – in relevant part – provides that venue is proper where any defendant "resides." § 1391(b)(1). As a limited liability company and the defendant, Equifax is "deemed to reside . . . in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question." *See* § 1391(c)(2).

Because Equifax is headquartered in Atlanta, Georgia, it "resides" in the transferee district and is therefore subject to personal jurisdiction in the Northern District of Georgia. Accordingly, this action could have been brought in the proposed transferee district.

### B.  Plaintiff Does Not Reside in Michigan

Equifax does not challenge that Cook's choice of forum deserves "foremost consideration." *See Traci Delaney v. United Parcel Serv., Inc.*, No. 08-13060, 2009 WL 396172, at *1-2 (E.D. Mich. Feb. 17, 2009). In the alternative, Equifax asserts Cook's choice of forum is subject to challenge because the relevant factors strongly favor Equifax, and Cook has little or no connection to Michigan.

3

Although a plaintiff's choice of forum "is not sacrosanct," the Court must give "substantial deference to a plaintiff's chosen forum, especially where . . . the plaintiff lives in his chosen jurisdiction." *Thomas v. Home Depot, USA, Inc.,* 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001). Cook does not live in Michigan. Cook alleges in his complaint that he is a resident of Ohio. In response to the motion, Cook says he owns property in Michigan, Ohio and Georgia but provides no address for a Michigan residence. He also alleges he spends 80% of his time in Michigan, and plans to reside in Michigan full time.

A plan to reside without a residential address in a state does not amount to residency, and is insufficient proof of domicile. Where an individual is domiciled is subject to change. *Morris v. Gilmer*, 129 U.S. 315, 327 (1889). However, "[t]here must be an actual, not pretended, change of domicile." *Id.* at 328 (citation and internal quotation marks omitted). Further, to constitute a change of domicile, "there must be . . . actual residence in the place, with the intention that it is to be [the] principal and permanent residence." *Id.* Because Cook fails to provide the Court with an official address or proof of residence, the Court finds that Cook has not met his burden required to show change of domicile.

Because Cook does not reside in Michigan, he is a foreign plaintiff. Where, as here, a plaintiff files suit in a venue that is not his home forum, his choice of forum is subject to less deference than traditionally afforded, and is not entitled to a presumption in favor of the chosen forum under § 1404(a). *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981). Thus, the Court gives Cook's forum choice less deference than if he resided in Michigan.

### C. Remaining Factors

#### 1. Location of Relevant Documents and Relative Access to Sources of Proof

Equifax asserts all of the actions with respect to this suit occurred in the Northern District of Georgia.  Further, Equifax states that creditors and other data furnishers sent information regarding consumers to Equifax in Georgia.

Cook challenges Equifax's assertion that all pertinent information is physically stored in Georgia.  He contends that the documents are electronically stored, and are easily transferable.

It appears that information related to Cook's claims was processed by Equifax in Atlanta and added to Equifax's consumer database, also located in Atlanta.  Further, all of Equifax's consumer credit reports and consumer disclosures are assembled in Atlanta.  Equifax does not maintain a consumer database or a consumer affairs office in Michigan, and it says it is unaware of any conduct in Michigan that is relevant to Cook's allegations.

This factor favors transfer of venue to the Northern District of Georgia.

#### 2. Convenience of Parties

Equifax says that granting the motion to transfer would not inconvenience either party.  Though Cook claims to have residences in multiple states, he does not provide an address for his Michigan residence; Equifax provides an affidavit demonstrating that Cook's Ohio address is a UPS store.  Additionally, in an email to Equifax's counsel, Cook's attorney clarified that Cook's primary residence is in Georgia, which is more than 700 miles from this District.

Cook argues he would be burdened because his counsel is in Michigan.  This argument is unavailing.

Because Cook resides in Georgia, transferring the suit to the Northern District of Georgia would not impose an undue burden on him.  If a plaintiff files suit in a distant venue, it is presumed he or she can shoulder the travel costs associated with litigating in the distant forum.  *See Murphy v. Trans Union, LLC*, No. 12-499, 2012 WL 3536322, *5 (E.D. Pa. Aug. 15, 2012).  In *Murphy*, the plaintiff filed suit in the Eastern District of Pennsylvania, over 1000 miles from where both plaintiff and defendant resided.  *Id.* at *2.  The court found the Eastern District of Pennsylvania was an inappropriate venue because of the distance.  *Id.* at *7.  In granting defendant's motion to transfer venue to the Northern District of Georgia, the court reasoned that because plaintiff chose to bring suit in Pennsylvania, which would require travel, he could presumably shoulder travel costs to Georgia.  *Id. a*t *5.

Here, like the plaintiff in *Murphy*, Cook filed suit in a district far from his residence.  The Court finds that the convenience of the parties favors transfer of venue.

### 3.  Convenience of Witnesses

Equifax asserts that Cook fails to identify any witnesses relevant to the lawsuit who are in Michigan.  In his response, Cook identifies two witnesses who live in Michigan, and he notes that Equifax only lists Latonya Munson or "other designated representative" of Equifax from Atlanta, Georgia.

The convenience of non-party witnesses is one of the most important factors in considering a motion to transfer venue.  *Thomas*, 131 F. Supp. 2d at 937.

From the information provided by the parties, this factor is neutral and does not

favor either party.

### 4.  Locus of Operative Facts

"A fundamental principle guiding the Court's analysis is that litigation should proceed in the place where the case finds its center of gravity."  *Audi AG & Volkswagon of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 751 (E.D. Mich. 2004) (citations and internal quotation marks omitted).  This Court has previously found that the location of relevant documents is a relevant factor to consider in determining the "center of gravity" of the dispute.  *See Flagstar Bank, FSB v. Gulfstream Bus. Bank, Inc.*, No. 2:13-cv-12136, 2013 WL 6017977, at *5-6 (E.D. Mich. Nov. 13, 2013).

Equifax asserts that this factor strongly favors venue in Georgia because all pertinent documents are located there and Cook has limited connections to Michigan. The Court agrees.  This factor weighs in favor of transfer.

### 5.  Additional Factors for Consideration

The remaining factors for consideration include: (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

"The availability of process to compel the attendance of unwilling witnesses and the relative means of the parties" are repetitive of "convenience of the parties," "location of the relative documents," and "locus of operative facts."  These factors generally favor transferring venue.

Cook's claims are brought under 15 U.S.C. § 1681.  Accordingly, the "governing law" factor is neutral and does not favor either party.

Equifax asserts that "trial efficiency and the interests of justice" demand venue in the Northern District of Georgia, because the conduct underlying Cook's claims occurred outside of Michigan, and "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation," *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).  The Court agrees.  Because Equifax's alleged violations of 15 U.S.C. § 1681 occurred outside of Michigan, this factor weighs in favor of transfer.

## IV.    CONCLUSION

The balance of factors under the Court's § 1404(a) analysis demonstrates that the Northern District of Georgia is a more convenient forum for the parties and witnesses, and that transfer would promote the interests of justice.  Accordingly, the Court **GRANTS** Equifax's motion to transfer venue [Doc. 13] and **TRANSFERS** this case to the Northern District of Georgia, Atlanta Division.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 30, 2017

8